UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:21-cv-02096-JWH (SPx) | Date | April 11, 2022 |
|---|---|---|---|
| Title | *John Baker v. Tech Data Corp., et al.* | | |

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER ON PLAINTIFF'S MOTION TO REMAND [ECF No. 14] (IN CHAMBERS)**

Before the Court is the motion of Plaintiff John Baker for an order remanding this action to state court and awarding attorneys' fees to Baker.[1]  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **DENIED**, as set forth herein.

---

[1]   Pl.'s Mot. to Remand (the "Motion") [ECF No. 14].

[2]   The Court considered:  (1) Compl. (the "Complaint") [ECF No. 1-1]; (2) the Motion (including its attachment); (3) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 16]; and (4) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 17].  The Court also considered Baker's evidentiary objections. *See* Pl.'s Obj. (the "Objection") [ECF No. 18]. Because the Court did not rely on the Decl. of Luis Dabalsa, the Objection is **OVERRULED** as moot.

**CIVIL MINUTES—
GENERAL**
Initials of Deputy Clerk iv

# I.   BACKGROUND

Baker brings this action for violations of the California Labor Code and California's Unfair Competition Law.[3]  He commenced this action in San Bernardino County Superior Court in September 2021.[4]  Three months later, Defendant Tech Data Corporation removed this case to this Court.[5]  Baker filed his instant Motion challenging that removal in February 2022, and it is fully briefed.

# II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the basis for federal jurisdiction must appear affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress."  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.  *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts."  *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal

---

[3]    *See* Complaint.

[4]    *Id.*

[5]    *See* Def.'s Notice of Removal (the "Notice") [ECF No. 1].

**CIVIL MINUTES— GENERAL**          Initials of Deputy Clerk *iv*

rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)).  Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand.  *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## III.   DISCUSSION

Baker argues that the Court should remand this action to state court because Tech Data has "failed to meet its burden of establishing [that] the amount in controversy exceeds $75,000."[6]  In making that argument, Baker misstates several legal standards and makes arguments that are self-defeating.

Baker asserts that Tech Data "has not provided any shred of evidence to establish that, by a preponderance of the evidence, that this case meets the jurisdictional amount for removal under 28 U.S.C. § 1332(a)."[7]  Baker is mistaken in arguing that Tech Data needed to provide admissible evidence when removing the case.  Instead, all that the law requires is "a short and plain statement of the grounds for removal."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).  The removal statute requires the removing defendant to provide evidence establishing the amount in controversy "only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.* at 89.[8]

Now that Baker has challenged the amount in controversy, Tech Data has submitted evidence to support its allegation.[9]  In reviewing that evidence, and Tech Data's arguments, the Court finds that Tech Data satisfies the removal requirements.  In the interest of judicial efficiency, the Court will discuss only the calculations that demonstrate that Tech Data's amount-in-controversy allegation exceeds the $75,000 threshold.

---

[6]      Motion 1:3-4.

[7]      *Id.* at 3:1-3.

[8]      Baker cites several cases suggesting that "summary judgment type evidence" is required **at the time of removal**.  *See id.* At 4:2-4.  Those cases all precede *Dart Cherokee Basin*, and, to the extent that they reach a contrary holding, they are superseded by it.

[9]      *See generally* Opposition.

CIVIL MINUTES—
GENERAL     Initials of Deputy Clerk iv

Contrary to Baker's argument,[10] "a court ***must include future attorneys' fees*** recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (emphasis added).

In its Notice, Tech Data uses a "conservative hourly rate of $350, with a total of 100 hours through trial" to estimate a potential recoverable amount totaling $35,000.[11]  Baker, ironically, provides two reasons why Tech Data's estimate is ***too conservative***.  First, Baker's counsel charges an hourly rate of $500.[12]  Second, Baker's counsel spent "*at least* 20 hours in preparation of the Motion . . . ."[13]

"Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours."  *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (citing cases).  Here, in view of Baker's admission that his counsel expended at least 20 hours on a straightforward motion to remand, the Court finds that an estimate of 200 hours through trial is conservative and appropriate.  Thus, at $500 an hour, a conservative estimate for attorney's fees as part of the amount in controversy is $100,000.  Attorney's fees alone are therefore sufficient to satisfy the requirements for diversity jurisdiction.

Since the Court **DENIED** Baker's Motion to remand, Baker's request for an award of attorneys' fees is likewise **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Baker's evidentiary Objection is **OVERRULED**.

---

[10]      *See* Motion 5:28-6:5.

[11]      Notice ¶ 23.

[12]      *See* Decl. of Leah Beligan in Supp. of the Motion (the "Beligan Declaration") [ECF No. 14] (emphasis in original) at ¶ 8.  Baker did not file the Beligan Declaration as a separate attachment, so it shares an ECF number with the Motion.

[13]      *Id.*

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk iv

2.      Baker's Motion to remand is **DENIED**.

**IT IS SO ORDERED.**

**CIVIL MINUTES—
GENERAL**

Initials of Deputy Clerk <u>iv</u>